UNITED STATES of America,
Plaintiff,

v.

Edward Augustine GARGAN, Defendant.

UNITED STATES of America,
Plaintiff,

v.

David Lee WALLER, Defendant.

UNITED STATES of America,
Plaintiff,

v.

David H. CLARKE, Defendant.

UNITED STATES of America,
Plaintiff,

v.

George Anthony LONSDORF, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Robert Wesley WOODHULL, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Patrick Carl GAST, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Bruce Charles HEROLD, Defendant.

Nos. 69–CR–73, 69–CR–77, 69–CR–87, 70–CR–11, 70–CR–16, 70–CR–28 and 70–CR–36.

United States District Court,
W. D. Wisconsin.

July 10, 1970.

John O. Olson, U. S. Atty., John E. Clarke, James R. Mack, Asst. U. S. Attys., Madison, Wis., for plaintiff.

Thomas C. Eckerle, Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

These criminal prosecutions under the Selective Service Act were consolidated for the purpose of an evidentiary hearing on similar motions to dismiss on the ground that the grand juries which returned the indictments against the defendants were selected in an unlawful manner. More precisely, it is contended that in the selection of the grand juries, persons who had reached their 18th

birthday but had not yet reached their 21st birthday were automatically excluded, and that in the method of selection there was a substantial and inevitable underrepresentation of persons who had reached their 21st birthday but had not yet reached their 26th birthday. It is contended that this total exclusion of the 18–21 group, and the underrepresentation of the 21–26 group, violate rights secured to these defendants by the due process clause of the Fifth Amendment. It is urged that these defendants, as well as others charged with violations of the Selective Service Act, are within the age group which is either not represented or is underrepresented in the process of grand jury selection. In the cases of defendants Waller and Gast it is also alleged that they are members of Jehovah's Witnesses and that members of Jehovah's Witnesses are not fairly represented in the process of selection of grand jurors.

An evidentiary hearing has been held. My findings of fact and conclusions of law are embodied in this opinion.

I find that in the process of selection of the grand jury which indicted defendants Clarke and Herold in the Eastern District of Wisconsin, and in the process of selection of the grand jury which indicted each of the remaining defendants in the Western District of Wisconsin, persons who had reached their 18th birthday but had not reached their 21st birthday were systematically excluded.

I find that at all times during which the grand jury which indicted defendants Clarke and Herold in the Eastern District of Wisconsin was being selected, and at all times during which the grand jury which indicted each of the remaining defendants in the Western District of Wisconsin was being selected, persons in both districts of Wisconsin who had reached their 21st birthday but had not reached their 26th birthday tended to register to vote and to vote in public elections in a somewhat lesser proportion than persons who had reached their 26th birthday.

I find that only those who had registered to vote in Wisconsin voting districts in which registration is required, and only those who actually voted in Wisconsin voting districts in which registration is not required, were among the possible choices in the process by which were selected in the grand jury which indicted defendants Clarke and Herold in the Eastern District of Wisconsin and the grand jury which indicted each of the remaining defendants in the Western District of Wisconson.

I find, therefore, that in the process by which the said grand juries were selected, persons in the age group 21–26 were represented in a proportion somewhat less than the proportion that members of the age group 21–26 bear to the general population; I find and conclude that this discrepancy in no way approached a situation in which members of the age group 21–26 were excluded in the selection process.

I find and conclude that there has been no showing that in the process by which the said grand juries were selected, persons who were members of Jehovah's Witnesses were represented in any lesser proportion than those who were not members of Jehovah's Witnesses.

I find that at all times during which the said grand juries were selected there were differences in opinion and attitude and philosophy among the entire population of the State of Wisconsin; that there were discernible and significant differences in opinion and attitude and philosophy, on certain subjects, among a majority of the younger people of Wisconsin, on the one hand, and a majority of the older people of Wisconsin, on the other hand; and that the line of demarcation between these groups of older and younger people cannot be drawn with any reasonable precision at age 18 or age 21 or age 26.

Defendants offered expert testimony, which I have considered carefully, to the effect that younger people, in 1969 and 1970, in the United States, are an

"identifiable group." With respect, I must observe that their testimony was little more than an elaborately developed statement of the obvious. Equally obviously, these witnesses were unable to assert that those precisely within the age limits of 21 and 26 are an "identifiable class" by any standard other than their chronological age. To the extent any witness undertook to make such a pinpointed assertion, I cannot credit his testimony.

In my view, it is a question of considering the practical difficulties of drawing jurors in such a way as to give exactly proportional representation, or nearly so, to those 21 years of age, those 46 years of age, and so on, and to weigh these difficulties against the importance and necessity of such an achievement, considering the function to be performed by a grand jury.

It is impracticable, in devising a method of selecting members of grand juries, to attempt to identify and to categorize the people of Wisconsin by precise age groups such as 18–21, or 21–26, or 60–65, or 45–50.

█ The function of the grand jury is to determine whether the evidence presented to it in a specific case is sufficient to establish probable cause to believe that a crime has been committed and that it was a specific individual who committed it. With respect to the performance of this function, it is unnecessary that in the process of selection of grand juries each age group be represented in a proportion which corresponds exactly, or even with near exactness, to the proportion which the members of the specific age group bear to the general population.

█ To be direct, the suggestion seems to be that if persons 21–26 are not represented in the process of grand jury selection in the proportion that they bear to the general population, the resulting grand jury will be more likely than it would otherwise be to find that a given selective service local board probably mailed to a given registrant an order to report for hospital work, that the registrant probably received it, and that the registrant probably refused to comply with it. It might be said with equal force that a grand jury selected by a process which resulted in the presence of a disproportionately large number of persons under 26 would be more likely than it would otherwise be to find that a specific 50 year old businessman probably failed to file a specific income tax return. I find and conclude that neither of these contentions is of serious import, and that the function of the grand jury can be and will be performed with reasonably consistent results by jurors chosen by methods in which there is some unevenness in the representation of various specific age groups. I find and conclude that with specific reference to the function of a grand jury, the age group 21–26 is not an identifiable class.

█ The complete exclusion of those 18 to 21 involves a question of another order. The President recently signed the Voting Rights Act Amendments of 1970 (Public Law 91–285, 91st Congress, H.R. 4249, June 22, 1970), in which Congress found and declared that to deny voting rights to those in the 18–21 age group "has the effect of denying to [them] the due process and equal protection of the laws that are guaranteed to them under the fourteenth amendment. * * *" On the other hand, Congress clearly has provided that a person is not qualified for jury service unless he has reached the age of twenty-one. 28 U.S.C. § 1865(b) (1). I must conclude that in the opinion of the Congress, the exclusion of those in the 18–21 age group from voting is unconstitutional, but that their exclusion from juries is constitutional. There is a rational basis for such a distinction. That is, it may be, on the one hand, that a certain group of citizens may have a constitutional right to express their opinions, attitudes, and philosophy in the election process, while, on the other hand, defendants in criminal cases are not deprived of a constitutional right by having the indictment function per-

formed by grand juries chosen by a process from which the same group of citizens is excluded.

 Presently I am called upon to express no opinion as to the constitutionality of the Voting Rights Act Amendments of 1970. I am called upon to express an opinion concerning 28 U.S.C. § 1865(b) (1). I conclude that 28 U.S.C. § 1865(b) (1) does not violate the Fifth Amendment or any other provision of the Constitution of the United States.

Accordingly, for the reasons stated and upon the basis of the entire record herein, it is ordered that with respect to the contention that the indicting grand jury was unlawfully constituted, the defendant's motion to dismiss in each of the above-entitled cases is hereby denied.