120 N.J. Super. 345 (1972)
293 A.2d 752
STATE OF NEW JERSEY, PLAINTIFF,
v.
RICHARD ANDERSON, ALFRED RAVENELL, ALBERT EATON, ERVIN SMART AND JAMES McKEEVER, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 10, 1972.
*346 Mr. G. Michael Brown, Deputy Attorney General, argued the cause for the State (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
Mr. Arnold Mellk argued the cause for defendants (Mr. Stanley C. Van Ness, Public Defender, attorney).
McGANN, J.S.C.
This matter arises as a result of a motion to dismiss indictment SGJ 7-72-23 charging defendants with assault and battery on a state correction officer in violation of N.J.S.A. 2A:90-4 at a state institution known as the Yardville Reformatory. Defendants were inmates there.
By petition, the Attorney General sought, pursuant to N.J.S.A. 2A:73A-1 et seq., an order empaneling a state grand jury. An order was duly allowed, dated March 31, 1971, by Judge Kingfield, A.J.S.C., based on the reasons set forth in said petition.
The petition was rather broad in scope, but among other things, included alleged violations of the criminal laws of New Jersey and violations "which involves inter county activity * * *." The indictment in question resulted from matters involving state penal institutions and apparently grew out of an investigation covering disorder and criminal activities in more than one institution.
The order by Judge Kingfield indicated it was allowed for "good cause having been shown" and pursuant to the authorized statutes, N.J.S.A. 2A:73A-1 through 2A:73A-9.
*347 It is claimed by the movants that the indictments should be dismissed because they are not in keeping with the purposes set out in the statutes, supra, and are, therefore, ultra vires.
At the outset, I think it should be pointed out that the duly designated assignment judge found there was a proper basis for allowing an order empaneling the grand jury. This being so, this court must acknowledge that there is a presumption of validity and, moreover, a substantial legal and factual basis for allowance of the order of March 31, 1971. For this court to do otherwise would open the return of any indictment by a state grand jury to an easy, inane attack. Furthermore, it would place upon the assignment judge the duty of monitoring the activity of the grand jury.
It is further contended that the order does not meet the prescription of N.J.S.A. 2A:73A-2, to wit:
In making his determination as to the need for impaneling a State grand jury, the judge shall require among other things, a showing that the matter cannot be effectively handled by a county grand jury. (Emphasis added)
Such "a showing" may appear in the petition seeking the empaneling of the jury and, of course, can be inferred from the nature of the investigation as well as the expense involved, having in mind the budgetary problems of county governments that so pragmatically bear on the question whether the matter can "be effectively handled by a county grand jury."
It is quite conceivable that a "county grand jury" could not effectively investigate and successfully prosecute a difficult, complex, organized and subversive institutional problem such as a reformatory riot because of its enormity and the criminal chicanery resorted to by participating inmates, which might require special institutional personnel and state police, as well as experienced state penologists.
Generally speaking, the State has at its command a more generous budget, investigators with special expertise and an Attorney General's staff with a variety of vigorous talent. *348 This, in itself, is a plainly pragmatic reason, as well as statutory,[*] for allowing a state grand jury to conduct a comprehensive inquest of state institutions, such as the case at bar.
Quite aside from the specific purposes set forth in the legislation that promulgated the "state grand jury" system, it seems apparent that a state grand jury would be expected to deal with matters that are inherently, and by their very nature, primarily problems dealing with the administration of State Government and its institutions. And this is particularly so when the matters are of a nature that involve practices and problems extending beyond the boundaries of a given county. It is also appropriate where the matters by their very nature come within the jurisdiction of a state court.
Having these factors in mind, then it is reasonable to hold, in the absence of evidence of abuse of discretion, that where a properly designated state court judge finds there is a need to empanel a state grand jury, then the jurisdiction of the grand jury should not be subject to attack because the "Grand jury is an arm of the Court." See in re Schwartz, 133 N.J.L. 79, 84, 85 (Sup. Ct. 1945), rev'd on other grounds, 134 N.J.L. 267 (E. & A. 1946).
In O'Regan v. Schmerhorn, 25 N.J. Misc. 1, 19-20 (Sup. Ct. 1946), Supreme Court Commissioner, later Justice Ackerman, said:
The grand jury, at common law, is an arm of the court and acts for the court under which it is organized, and its proceedings are regarded as proceedings in the court * * *. Its members are officers of the court and exercise functions of a judicial nature and its proceedings are judicial * * *.
*349 This well founded principle has been cited and reiterated in many courts of various jurisdictions throughout the country. See collation of cases cited in State v. Haines, 18 N.J. 550, 557 (1955).
Furthermore, the language and intent of the statute, N.J.S.A. 2A:73A-2 must be construed with a reasonable degree of flexibility within the overall purpose of the statute or else "we run the risk of rendering the grand jury powerless to indict without specific express authority." See State v. Haines, supra, at 561. Such a construction would thwart the proper function of the grand jury and would allow for an untoward result.
For the above reasons as well as reasons urged in the oral arguments, the motion is denied. Order accordingly.
NOTES
[*] Under N.J.S.A. 2A:73A-2 the designated assignment judge may make a determination for such need when there is "a showing that the matter cannot be effectively handled by a county grand jury."

"Handled" has an accepted vernacular meaning: to manage; control; direct; to deal with; to act upon. See Webster's Unabridged Dictionary.