120 N.J. Super. 509 (1972)
295 A.2d 202
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JACQUELINE STEWART ET AL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1972.
Decided September 21, 1972.
Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. Richard Aloysius Walsh, Designated Attorney, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*510 Mr. Ralph J. Jabbour, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
PER CURIAM.
Defendant appeals, on leave granted, from an order denying her motion "challenging the array of the petit jury panel on the ground that the petit juror's minimum age qualification of 21 years as set forth in [N.J.S.A.] 2A:69-1 is unconstitutional."
On appeal defendant, who is 19 years of age, argues that "the exclusion of 18 to 21 year olds from prospective jury selection and service denies [her] the right to trial by a jury of her peers" and "is an invidious discrimination * * * repugnant to the equal protection clause of the Fourteenth Amendment." We find no merit in defendant's contentions.
N.J.S.A. 2A:69-1 sets forth the requisite qualifications of a juror, including the requirement that he or she be "over 21 and under 75 years of age." The constitutional power of the State to provide such age qualifications for jurors is clear. See Carter v. Jury Commission of Greene County, 396 U.S. 320, 90 S.Ct. 518, 525, 24 L.Ed.2d 549 (1970), in which the court said:
It has long been accepted that the Constitution does not forbid the States to prescribe relevant qualifications for their jurors. The States remain free to confine the selection to citizens, to persons meeting specified qualifications of age and educational attainment, and to those possessing good intelligence, sound judgment, and fair character. [at 332, 90 S.Ct. at 525]
Although defendant contends that "the 18 to 21 year old age group constitutes a recognizable political, economic and social group of the community" whose exclusion from jury duty is unconstitutional, her argument therefor is unpersuasive and she cites no case so holding. The reported cases are to the contrary, each rejecting contentions identical with those advanced by defendant. See, e.g., United States *511 v. McVean, 436 F.2d 1120, 1122 (5 Cir.1971), cert. den. 404 U.S. 822, 92 S.Ct. 45, 30 L.Ed.2d 50 (1971); United States v. Gargan, 314 F. Supp. 414, 417 (W.D. Wis. 1970); People v. Hoiland, 22 Cal. App.3d 530, 99 Cal. Rptr. 523 (Ct. App. 1971).
We note that the question here argued will soon be moot since by L. 1972, c. 81, effective January 1, 1973, the Legislature has extended to persons 18 years of age and older, among other things, the right to "serve on juries."
The order denying the challenge to the array is affirmed.