132 N.J. Super. 231 (1975)
333 A.2d 291
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD ANDERSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 14, 1975.
Decided February 4, 1975.
*232 Before Judges CARTON, CRANE and KOLE.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Edward P. Hannigan, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Marc J. Friedman, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant appeals his conviction for assault and battery on a correction officer at the State Reformatory at Yardville. Previously his motions for leave to appeal from the denial of a motion to dismiss the indictment were denied by this court as well as the Supreme Court.
On this appeal defendant contends that the state grand jury, established pursuant to N.J.S.A. 2A:73A-1 et seq., had no jurisdiction to consider this matter and no power to return an indictment. He also contends that the statutory exclusion of persons from age 18 to 21 from the grand jury denied him due process, and that the trial judge's instruction concerning the availability of a witness to the defense constituted reversible error.
*233 Defendant's first point concerning the jurisdiction of the state grand jury was decided in a well-reasoned opinion reported at 120 N.J. Super. 345 (Law Div. 1972). We are in substantial agreement with that opinion and affirm its determination on the jurisdictional issue essentially for the reasons expressed therein.
Defendant next argues that he was denied due process of law because the statute relating to the qualification of jurors, N.J.S.A. 2A:69-1, prior to the enactment of L. 1972, c. 81, excluded persons from 18 to 21 years of age and persons whose period of residency in this State was less than two years. The exclusion of persons under the age of 21 from juries does not offend constitutional standards of due process. State v. Stewart, 120 N.J. Super. 509 (App. Div. 1972); Carter v. Jury Commissioner of Greene County, 396 U.S. 320, 332, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970). It has also been uniformly decided that residency requirements for jurors are reasonable provisions for the purpose of ensuring that cases are decided by a body acquainted with local conditions, customs and mores. United States v. Perry, 480 F.2d 147 (5 Cir.1973); United States v. Ross, 468 F.2d 1213, 1215-1216 (9 Cir.1972), cert. den. 410 U.S. 989, 93 S.Ct. 1500, 36 L.Ed.2d 188 (1973).
Defendant's final point concerns an instruction to the jury about the nonproduction of a witness mentioned in both the testimony presented by the State and by the defense. In this regard the trial judge instructed the jury as follows:
There was a man by the name of Wooten who participated as a peacemaker. Unfortunately we haven't heard from Wooten. There's some dispute between counsel during closing arguments with respect to who had the duty to bring Wooten here. I tell you that either party could have brought him here by subpoena. I also tell you on that point that the defendant really doesn't have the burden of affirmatively defending himself against a criminal charge because he has the right to remain silent and mute in his wishes. However, where he decides to take the stand, he has the right to tell you all he knows and he also has the right as the State has to bring into court by subpoena any witness that would assist him in the presentation of his case.
*234 It is possible to construe the charge as suggesting that the jury should draw an inference from the defendant's failure to produce the witness. If this clearly appeared, it would be improper. State v. Murphy, 85 N.J. Super. 391 (App. Div. 1964), aff'd 45 N.J. 36 (1965). On the other hand, the trial judge did tell the jury that defendant did not have a burden to defend himself. It thus does not appear that the error, if any, had the capacity of bringing about an unjust result. In any event, the weight of the evidence, which defendant does not attack, was sufficiently strong to indicate that the jury was not influenced by this ambiguous charge. Under all the circumstances we are convinced that the alleged error was harmless beyond a reasonable doubt and did not render the trial unfair. State v. LaPorte, 62 N.J. 312, 320 (1973).
Affirmed.