STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ALFRED L. HOFFMAN, M. D., AND GARY C. HOFFMAN, DEFENDANTS, AND ROBERT J. OJEDA, C. P. A., DEFENDANT-RESPONDENT.

Argued January 8, 1980—Decided March 11, 1980.

*David S. Lieberman,* Deputy Attorney General, argued the cause for appellant (*John J. Degman,* Attorney General of New Jersey, attorney).

*George L. Schneider* argued the cause for respondent (*Zazzali, Zazzali & Whipple,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J.

The question before us is whether a criminal defendant is entitled to a new trial solely because his co-defendants at a joint

trial were denied the proper number of peremptory challenges to potential jurors.

A State Grand Jury indicted defendants Robert Ojeda, Alfred Hoffman and Gary Hoffman for conspiracy and Medicaid fraud. The indictment grew out of the Hoffmans' ownership and operation of three nursing homes. Defendant Ojeda was the accountant for the nursing homes and prepared the cost study reports of patient related expenses used to secure payment of Medicaid funds. The State charged that Ojeda prepared, and the Hoffmans signed, reports knowing that they included numerous personal expenses of the Hoffmans as well as other non-patient related expenses.

A joint jury trial was held at which the Hoffmans were represented by one attorney and Ojeda by separate counsel. The subject matter of this appeal is a ruling made at the beginning of the trial. The Appellate Division's unreported opinion summarizes the ruling as follows:

> In anticipation of a lengthy trial, it was agreed that a jury of 16 would be empanelled. Before the *voir dire* examination of prospective jurors commenced, the trial judge determined that one additional peremptory challenge would be allowed for the two extra jurors (*i. e.* four alternates rather than two). Thus, the State was allowed 21 challenges and each of the two defense attorneys was allowed 11. Objection by counsel for the Hoffmans was entered on the ground that each of the Hoffman defendants was entitled to a minimum of 10 peremptory challenges. The objection was denied. Subsequently, an attempt by counsel for the Hoffmans to exercise a peremptory challenge was denied on the ground that he had exhausted the 11 challenges available to him. Counsel took exception, and counsel for defendant Ojeda then exercised one of his peremptory challenges to excuse the juror. Thereafter, the final two jurors were selected.

At the conclusion of the jury trial all three defendants were convicted of conspiracy. Each defendant was also convicted of various counts of Medicaid fraud.

On appeal, the Appellate Division found no merit in any of defendants' claims of error save one which it concluded required a reversal of the judgments of conviction. The Appellate Divi-

sion was satisfied that each defendant had received a fair trial but for the trial ruling which allowed the Hoffmans 11 peremptory challenges jointly rather than 11 each.

The Appellate Division held that under *R.* 1:8–3(d),[1] each defendant was entitled to 10 peremptory challenges and that common legal representation did not affect that right. Citing *Wright v. Bernstein,* 23 *N.J.* 284, 295 (1957) and *State v. Hammond,* 107 *N.J.Super.* 588, 589 (App.Div.1969), it ruled that the Hoffmans should have been allowed 10 peremptory challenges each and that the denial of that right was prejudicial *per se* since they had exhausted the 10 joint challenges allowed them. Accordingly, their convictions were reversed and a new trial was ordered.

The Appellate Division also ruled that defendant Ojeda was entitled to a new trial because of the same error despite the fact that he had been granted the correct number of peremptory challenges and had several remaining when selection of the jury was completed. The Appellate Division noted that the curtailment of the Hoffmans' right of peremptory challenge had an effect on the composition of the jury panel which ultimately heard the case. It also referred to the fact that Ojeda had exercised one of his peremptory challenges to excuse a juror whom the Hoffmans had attempted to challenge peremptorily, and suggested that Ojeda might have been prejudiced in feeling obliged to challenge a juror objectionable to the Hoffmans but otherwise desirable to him.

The State has not questioned the reversal as to the Hoffmans. Its petition to this Court concerned only the grant of a new trial as to defendant Ojeda. Cross-petitions were filed by Ojeda and the Hoffmans seeking review of other adverse trial rulings.

---

[1]See *N.J.S.A.* 2A:78–7, the statutory basis for the court rule. The New Jersey Code of Criminal Justice, *N.J.S.A.* 2C:1–1 *et seq.,* effective September 1, 1979, has made substantial changes in the classification of criminal offenses which will require appropriate amendments to *N.J.S.A.* 2A:78–7 and *R.* 1:8–3(d).

The State's petition was granted, but the cross-petitions of Ojeda and the Hoffmans were denied. 81 *N.J.* 400 (1979). The sole issue before us, therefore, is whether the denial of the correct number of peremptory challenges to the Hoffmans, which has resulted in a reversal of their convictions, also requires that Ojeda's conviction be set aside. Our conclusion is that the Appellate Division erred in reversing the Ojeda conviction.

In this State the right of peremptory challenge in criminal prosecutions is provided for by statute, *N.J.S.A.* 2A:78–7(c)–(d), and is implemented by *R.* 1:8–3(d). That right, while substantial, does not have a constitutional basis. *State v. Singletary,* 80 *N.J.* 55, 62 (1979). It is subject to legislative control limited only by an accused's right to be tried by an impartial jury. *Brown v. State,* 62 *N.J.L.* 666 (E. & A.1899); *State v. Persinger,* 62 *Wash.* 2d 362, 382 *P.2d* 497 (Sup.Ct.1963), app. dism. and *cert.* den. 376 *U.S.* 187, 84 *S.Ct.* 638, 11 *L.Ed.2d* 603 (1964); 47 *Am.Jur.2d, Jury,* § 237 at 924–925; see *ABA Standards Relating to the Administration of Criminal Justice, Trial by Jury* (1968), § 2.6 at 10. It is considered a right of rejection rather than of selection. *Wright v. Bernstein, supra,* 23 *N.J.* at 293–294.

The statute and rule provide that in criminal actions other than common law felonies, each defendant shall be entitled to 10 peremptory challenges. The Hoffmans, who were allowed jointly a total of 11 challenges, unquestionably were denied a substantial right.

However, the right was a personal one and its denial affected the empaneling of the jury only insofar as the Hoffmans were concerned. Ojeda lacked standing to object to the ruling restricting the number of peremptory challenges allowed his co-defendants since it did not affect his rights. He was allowed the correct number of peremptory challenges and had several remaining when selection of the jury was completed. As far as he was concerned, the jury was lawfully empaneled.

The fact that the jury might have had a different composition had the Hoffmans been allowed the correct number of challenges is of no legal consequence to Ojeda. As was stated in *Wright v. Bernstein, supra,* the right of challenge, particularly the right of peremptory challenge, is the right of rejection rather than of selection. For the same reason, the Appellate Division's concern that Ojeda may have felt obliged to challenge a juror objectionable to the Hoffmans but perhaps desirable to him is not pertinent to the question of possible prejudice.

The judgment of the Appellate Division is reversed as to defendant Ojeda and his judgment of conviction, including sentence, reinstated.

*For reversal and reinstatement*— Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For affirmance*— None.