630 A.2d 412

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. RICKY WILSON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted July 26, 1993—Decided August 5, 1993.

Before Judges MUIR, Jr., and STERN.

*Zulima V. Farber,* Public Defender, attorney for appellant (*Mark Rogers,* Designated Counsel, of counsel and on the letter brief).

*Robert J. Del Tufo,* Attorney General, attorney for respondent (*Tanya Y. Justice,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

STERN, J.A.D.

The novel issue raised on this appeal is whether a criminal defendant, deprived of the proper number of peremptory challenges, is entitled to a new trial. We conclude that there is no per se rule warranting reversal and affirm the conviction in these circumstances where defendant exercised less than the peremptory challenges granted to him by the trial judge and where the record does not indicate the error in any way affected his decisions during the jury selection process. We also reject defendant's contention that he was deprived of a fair trial in the absence of disclosure of an "informer."

Defendant was indicted for possession of cocaine, *N.J.S.A.* 2C:35–10a(1) (count one); possession of five ounces or more of cocaine with intent to distribute, *N.J.S.A.* 2C:35–5b(1) (count two); possession of the cocaine with intent to distribute within 1,000 feet

of a school, *N.J.S.A.* 2C:35-7 (count three); aggravated assault, *N.J.S.A.* 2C:12-1b(5)(a) (count four), and resisting arrest, *N.J.S.A.* 2C:29-2 (count five). After his motions to suppress and to compel disclosure of the identity of a confidential informant were denied, defendant was tried to a jury and convicted on the drug possession charges, but acquitted on the fourth and fifth counts. The trial judge merged count one into count two and sentenced defendant to fifteen years in the custody of the Commissioner of Corrections, with five years before parole eligibility on count two. He was also ordered to pay a $3,000 D.E.D.R. penalty, a $50 lab fee, and $30 V.C.C.B. penalty on that count, and his driver's license was suspended for six months. On count three, defendant was sentenced to four years in the custody of the Commissioner of Corrections, with the mandatory three year period of parole ineligibility, concurrent with the sentence imposed on count two. A separate $1,000 D.E.D.R. penalty, $50 laboratory fee and $30 V.C.C.B. penalty were also imposed on count three. A separate sentence was imposed for another drug offense to which defendant pled guilty after trial.

On this appeal defendant argues:

POINT I  DEFENDANT WAS DENIED A FAIR TRIAL BECAUSE THE COURT FAILED TO ORDER DISCLOSURE OF THE NAME AND ADDRESS OF THE INFORMANT, OR TO MAKE AN ADEQUATE RECORD SUPPORTING ITS DECISION NOT TO ORDER DISCLOSURE OF THE INFORMANT'S IDENTITY.

POINT II  THE COURT BELOW FAILED TO PROVIDE THE PROPER NUMBER OF PEREMPTORY CHALLENGES.

[At the request of the Appellate Division the court's statement of facts and discussion of Point I are omitted from publication.]

## II.

Defendant also contends that he is entitled to the reversal of his conviction because the trial judge, contrary to defendant's position, limited his peremptory challenges to one-half of the number authorized in *R.* 1:8-3(d). Defendant therefore claims, without citation, that he was denied his federal and state constitutional rights to due process and trial by jury. The fourth count of

the indictment charged defendant with fourth degree aggravated assault in violation of *N.J.S.A.* 2C:12–1b(5). The trial judge concluded that as the aggravated assault alleged was only of the fourth degree, defendant was entitled to only ten peremptory challenges because no "violent offenses" were involved. However, *R.* 1:8–3(d) provides that "[u]pon indictment for ... aggravated assault ... the defendant shall be entitled to 20 peremptory challenges if tried alone ...; and the State shall have 12 peremptory challenges if the defendant is tried alone...." The State acknowledges that defendant's peremptory challenges were improperly limited. The question before us, therefore, is whether the judge's improper holding with respect to the number of peremptory challenges requires a new trial. The fact that defendant was ultimately acquitted of aggravated assault does not make a difference, because the issue is directed to the crime for which he was tried.

In order to avoid any constitutional questions related to the Supreme Court's rule making, our *R.* 1:8–3 tracks legislation concerning the number of peremptory challenges.[1] *See N.J.S.A.* 2A:78–7. *See also State v. Hoffman,* 82 *N.J.* 184, 187, 412 *A.*2d 120 (1980) (number of peremptory challenges "subject to legislative control limited only by an accused's right to be tried by an impartial jury"). In holding that the improper refusal to disqualify a juror for cause, resulting in the exercise of a peremptory challenge, did not violate the constitutional rights of a defendant who exercised all of his peremptory challenges when there was no claim that any of the impaneled jurors could not be impartial, the United States Supreme Court has held that peremptory challenges are not a constitutional right. *Ross v. Oklahoma,* 487 *U.S.*

---

[1] There have been various recommendations to relate peremptories to the degree of offense, *see e.g. Report of the Supreme Court Committee on Criminal Practice,* 116 *N.J.L.J.* 145 (1985), but the Rule remains consistent with the parallel statute, *N.J.S.A.* 2A:78–7. All aggravated assaults became subject to the 1985 amendments of the Statute and Rule. *See State v. Hoffman,* 82 *N.J.* 184, 186 n. 1, 412 *A.*2d 120 (1980).

81, 108 *S.Ct.* 2273, 101 *L.Ed.*2d 80 (1988).[2] Similarly, our Supreme Court has held that a defendant does not have a constitutional right to the exercise of peremptory challenges. *State v. Brunson,* 101 *N.J.* 132, 136, 501 *A.*2d 145 (1985); *State v. Hoffman, supra,* 82 *N.J.* at 187, 412 *A.*2d 120. Thus, we are not dealing with the violation of any constitutional right or entitlement.

A criminal defendant is not entitled to a new trial when he is forced to exercise a peremptory challenge to excuse a juror who should have been excused for cause if all peremptories have not been exercised. *State v. Bey,* 112 *N.J.* 123, 154, 548 *A.*2d 887 (1988) (no new trial where defendant has not exhausted all his peremptory challenges). *See also State v. Williams,* 113 *N.J.* 393, 442–45, 550 *A.*2d 1172 (1988); *State v. Deatore,* 70 *N.J.* 100, 104–106, 358 *A.*2d 163 (1976). We see no reason for departing from that rule in this setting, although defendant was deprived of the required number of peremptory challenges. Defendant neither exercised all of the peremptories given to him by the judge, nor suggested that his failure to exhaust the challenges afforded to him was related to the deprivation of his right to exercise more challenges. In other words, defendant did not suggest that he exercised only seven challenges because of his concern that the jury composition could greatly change if he exercised more without the right to exercise up to twenty. Nor did defendant indicate that any of the jurors actually empaneled were unsatisfactory or that he would have exercised a peremptory challenge with respect to any of the seated jurors had he had more than ten to exercise.

---

[2] In *Holland v. Illinois,* 493 *U.S.* 474, 110 *S.Ct.* 803, 107 *L.Ed.*2d 905 (1990), holding that a white defendant had standing under the Sixth Amendment to challenge exclusion of blacks from the petit jury, the United States Supreme Court reiterated its position that exclusion of a cognizable group by the exercise of peremptory challenges is not a violation of the Sixth Amendment. The Court made clear that *Batson v. Kentucky,* 476 *U.S.* 79, 106 *S.Ct.* 1712, 90 *L.Ed.*2d 69 (1986), relates to equal protection challenges not to the Sixth Amendment right to a jury trial. *See also Georgia v. McCollum,* —— U.S. ——, 112 *S.Ct.* 2348, 120 *L.Ed.*2d 33 (1992).

Under the circumstances, we decline to reverse defendant's conviction.

In *State v. Hoffman, supra,* the Supreme Court upheld defendant Ojeda's conviction where his co-defendants, Alfred and Gary Hoffman, were deprived of the proper amount of peremptory challenges. We acknowledge that the Hoffmans' convictions were reversed by this court because, by virtue of joint representation by counsel, they were deprived of their individual allocation. While certification was not sought as to those reversals, and reversal of the Hoffmans' convictions was not reviewed by the Supreme Court, we note that they exercised all challenges given them and sought to exercise more. *See* 82 *N.J.* at 185–187, 412 *A.*2d 120. *See also State v. Reynolds,* 124 *N.J.* 559, 568, 592 *A.*2d 194 (1991); *State v. Bey, supra,* 112 *N.J.* at 154–55, 548 *A.*2d 887 (murder conviction affirmed where there was no exhaustion of peremptories despite the need to exercise challenge because there was an improper failure to excuse for cause); *State v. Hammond,* 107 *N.J.Super.* 588, 590, 259 *A.*2d 718 (App.Div.1969) (reversal required where defendants exhausted all peremptories allowed, but where the number was improperly limited, citing *Wright v. Bernstein,* 23 *N.J.* 284, 295, 129 *A.*2d 19 (1957)).

The sentencing in this case occurred before our Supreme Court's opinion in *State v. Dillihay,* 127 *N.J.* 42, 601 *A.*2d 1149 (1992). Although the issue is not raised before us, we direct that counts two and three merge, with a resulting sentence of fifteen years, with five years of parole ineligibility, imposed on the first degree crime embodied in count two. *See State v. Dillihay, supra,* 127 *N.J.* at 56, 601 *A.*2d 1149. The judgment of conviction is otherwise affirmed.