**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0820-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES H. VAUGHN,

     Defendant-Appellant.

_____

Submitted March 5, 2019 – Decided March 22, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Indictment No. 04-08-1042.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (John K. McNamara, Jr., Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant James H. Vaughn appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

The underlying facts and procedural history are set forth at length in our opinions on direct appeal and need not be repeated here. State v. Vaughan, No. A-5910-07 (App. Div. Aug. 12, 2010) (Vaughan I); State v. Vaughan, No. A-2646-11 (App. Div. May 14, 2013) (Vaughan II). We recount only the facts and procedural aspects of the case pertinent to this appeal. Defendant was charged with shooting his friend and his former girlfriend. The friend died of a gunshot wound to the head. The former girlfriend was severely injured but survived gunshot wounds to her hand, right bicep, left forearm, right breast, right upper abdominal quadrant, left thigh, and head.

Following indictment by a grand jury, defendant proceeded to trial. During jury selection, prospective juror K.M. was voir dired. K.M. stated she had a New Jersey driver's license and lived in Morris County with her parents. K.M. was registered to vote in Morris County and spends her weekends there. She rented an apartment in Manhattan, where she worked and stayed on weekdays. K.M. was asked: "If you have a New Jersey driver's license and you're voting in New Jersey, and you still consider New Jersey to be your home,

and if you didn't have the job in New York – and you're returning home regularly. Correct?" She responded, "Yes."

Defense counsel did not challenge K.M. for cause or exercise a peremptory challenge. The trial court determined K.M. was a Morris County resident. Notably, defendant never exhausted his peremptory challenges.

Defendant was convicted of murder, N.J.S.A. 2C:11-3(a)(1) and (2); felony murder, N.J.S.A. 2C:11-3(a)(3); attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a); burglary, N.J.S.A. 2C:18-2(a)(1); unlawful possession of a weapon, N.J.S.A. 2C:30-5(b); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). Defendant was also convicted in a separate bench trial of certain persons not to have weapons, N.J.S.A. 2C:39-7(a), and found to be subject to enhanced penalties pursuant to N.J.S.A. 2C:11-3(b)(4)(a) as a result of a prior murder conviction.[1] He was sentenced to life without parole on the murder conviction and to a consecutive twenty-year sentence with eighty-five percent parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, for the attempted murder. Lesser concurrent sentences were imposed for other convictions.

---

[1] Defendant was convicted of attempted murder in 1976 and murder in 1980. Vaughan I (slip op. at 6).

A-0820-17T4

On direct appeal, we reversed defendant's conviction for the knowing or purposeful murder and remanded for a new trial. We conditionally affirmed his convictions for felony murder and other offenses, subject to the outcome of proceedings on remand regarding the prosecutor's exercise of a peremptory challenge to remove the only African-American juror from the jury as constituted at the time of the challenge. Vaughan I. The Supreme Court denied the petitions for certification filed by defendant and the State. State v. Vaughan, 205 N.J. 79 (2011).

Following a hearing, the remand judge concluded the prosecutor's decision to strike the African-American juror was not motivated by discrimination. Defendant appealed. We affirmed, finding no merit in defendant's argument. Vaughan II (slip op. at 2). The State subsequently dismissed the knowing or purposeful murder count. As a result, resentencing was required, as defendant was no longer eligible for enhanced penalties on the certain persons conviction. Vaughan I (slip op. at 21). Defendant was resentenced on April 28, 2014; his aggregate sentence did not change.

On June 22, 2012, defendant filed a pro se PCR petition. In his supporting certification, defendant alleges:

> 7. During the jury voir dire process the issue came to light that one of the prospective jurors, [K.M.], was not

a resident of the County nor State of New Jersey at that time clearly not qualifying her as a juror of my peers. Despite this prospective juror was not disqualified and was still selected as well as served as a juror in my case clearly infringing upon my State and Federal right to be tried by a jury of my peers.

8. I specifically requested that my trial attorney['] motion to disqualify or at best strike this prospective juror, [K.M.], due to her not being a resident of that County nor a resident of the State of New Jersey not qualifying her as a prospective juror of my peers.

9. My trial attorney[] did not request of the Court as I requested of them that prospective juror, [K.M.], be dismissed or disqualified or striked at best from serving as a juror in this case.

Counsel was appointed to represent defendant. In his petition and during oral argument, defendant argued trial counsel was ineffective in several respects. Pertinent to this appeal, defendant contended trial counsel was ineffective by not seeking disqualification or exercising a peremptory challenge to remove K.M. because of her residence in New York. Defendant further contended appellate counsel was ineffective by failing to argue the trial court erred when it did not disqualify K.M. sua sponte because she was not a resident of Morris County.[2]

---

[2] Defendant did not brief the other issues raised before the PCR court. We decline to discuss or address those issues, which we deem waived. See

The trial court heard oral argument and issued a subsequent oral decision and order denying the petition without an evidentiary hearing. Regarding K.M., the PCR court stated:

> In any event, the statements of the juror before the trial court certainly gave an adequate basis to conclude that the person had been appropriately summoned to jury service in Morris County.
>
> The . . . factual situation was that the juror was, I think it's fair to say, from Morris County, New Jersey, but was commuting to work in the City and to reduce some of the strain and time consumed in commuting would s[t]ay in New York during the work week. . . .
>
> So the juror could have been subject to a peremptory strike if there was some other perception that the juror was not appropriate. But there was no objection at the time of the trial to the juror's service on the grounds of the residency or any other grounds.

The PCR court noted "even exposure to pretrial publicity (which K.M. was not exposed to) would be unlikely to distort a juror's judgment because of the nature and strengths of the direct proofs presented during the trial."

This appeal followed. Defendant raises a single point:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE

---

Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 318-19 (App. Div. 2017) ("An issue not briefed on appeal is deemed waived." (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011))).

6

CASE THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE A JUROR WHO DID NOT RESIDE EXCLUSIVELY IN MORRIS COUNTY.

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). As the PCR court did not hold an evidentiary hearing, we undertake a de novo review. State v. Parker, 212 N.J. 269, 278 (2012).

Under the Sixth Amendment, a criminal defendant is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Ibid.; accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Fritz, 105

7

N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694).

A defendant has the "right to trial by an impartial jury drawn from a representative cross-section of the community." State v. Gilmore, 103 N.J. 508, 523 (1986). The fair cross-section requirement is not explicit in the Sixth Amendment of the United States Constitution, "but is derived from the traditional understanding of how an 'impartial jury' is assembled." Holland v. Illinois, 493 U.S. 474, 480 (1990). To serve as a juror in this State, a person must "be a resident of the county in which the person is summoned." N.J.S.A. 2B:20-1(d). "Under New Jersey law, the term resident, although present in many statutes, is not fixed in meaning. Instead, courts define the term by looking to the purpose of the statute and the context in which the term is found." Caballero v. Martinez, 186 N.J. 548, 558 (2006).

The PCR court determined there was no need for an evidentiary hearing, finding the facts adequately laid out in the "well developed" record. The PCR court also determined defendant failed to establish a prima facie case. We agree.

Defendant contends K.M.'s dual residency eviscerated the principle of a jury drawn from a cross-section of the community. Defendant cites State v. Anderson in support for his argument, which noted "residency requirements for jurors are reasonable provisions for the purpose of ensuring that cases are decided by a body acquainted with local conditions, customs and mores." 132 N.J. Super. 231, 233 (App. Div. 1975) (citing United States v. Perry, 480 F.2d 147 (5th Cir. 1973); United States v. Ross, 468 F. 2d 1213, 1215-1216 (9th Cir. 1972)). However, defendant did not challenge K.M. for cause and did not exercise a peremptory challenge despite having additional peremptory challenges available. He is thereby precluded from seeking a new trial. See State v. Wilson, 266 N.J. Super. 681, 685 (App. Div. 1993) ("A criminal defendant is not entitled to a new trial when he is forced to exercise a peremptory challenge to excuse a juror who should have been excused for cause if all peremptories have not been exercised."); State v. LaRocca, 81 N.J. Super. 40, 44 (App. Div. 1963) (holding a defendant who does not challenge a juror for cause or use a peremptory challenge "cannot now be permitted to attempt to overturn the jury verdict because he allowed this juror to be selected").

Moreover, the record supports the PCR court's determination that K.M. was qualified to serve as a juror in Morris County since she considered Morris

County her domicile as evidenced by her driver's license, voting registration, voting history, and living with her parents on weekends. The fact she worked and rented an apartment in Manhattan where she stayed on weekdays does not alter the outcome because "'[d]omicile' is not necessarily synonymous with 'residence.'" Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (quoting Perri v. Kisselbach, 34 N.J. 84, 87 (1961)). Indeed, "[a] person may have more than one residence but he may not have more than one domicile." Michaud v. Yeomans, 115 N.J. Super. 200, 205 (Law Div. 1971).

Domicile is not determined by the fraction of time a person spends at one of two residences. Rather, a person's domicile is defined as "[t]hat place at which a person is physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere." Black's Law Dictionary 501 (7th ed. 1999); see also Miss. Band, 490 U.S. at 48 ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). It is also defined as "[t]he residence of a person . . . for legal purposes." Ibid. Under those definitions, Morris County was K.M.'s domicile.

More fundamentally, defendant has not shown the failure to challenge K.M. for cause or to exercise a peremptory challenge was prejudicial by depriving him of a fair trial. Defendant has not shown K.M. was biased or otherwise lacked impartiality. He has not shown a reasonable probability the result of the proceeding would have been different if K.M. had been excused from the jury. Finally, we note this case did not implicate "local conditions, customs and mores." Anderson, 132 N.J. Super. at 233.

For these reasons, we discern no basis to overturn the denial of the petition without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0820-17T4