**Jesse Willard PERKINS,**
**Petitioner-Appellee,**

**v.**

**C. Murray HENDERSON, Warden**
**Louisiana State Penitentiary,**
**Respondent-Appellant.**

**No. 27593.**

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1969.

Jack E. Yelverton, Asst. Atty. Gen., Jack P. F. Gremillion, Atty. Gen. of Louisiana, Bernard N. Marcantel, Dist. Atty., Baton Rouge, La., Alfred R. Ryder, Asst. Dist. Atty., for respondent-appellant.

Richard D. Chappuis, Jr., Lafayette, La., for petitioner-appellee.

Before GOLDBERG, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

The State of Louisiana appeals from an order entered by the District Court after an evidentiary hearing granting Perkins a writ of habeas corpus. We affirm.

Perkins had been convicted of burglary in the state court. He was subsequently charged under the Louisiana habitual offender statute (La.R.S. 15:529.-1), found guilty, and sentenced accordingly. After exhausting state remedies he sought relief by writ of habeas corpus in the District Court, asserting that a pry-bar used in evidence against him in his burglary conviction was the product of an illegal search and seizure of his automobile.

The morning following a burglary of the Elkhorn Lounge, two uniformed deputies, one of whom was Perkins' cousin, came to the home where Perkins was staying to question him in connection with the burglary. The officers were not armed with either an arrest or search warrant and they testified at the hearing in the District Court that while Perkins was a suspect at the time, there was not yet probable cause which would have sustained an arrest or search warrant. Following a half-hour interrogation of petitioner by the two deputies, Perkins was asked permission to search his car. According to the testimony of the officers, petitioner gave his consent to the search.[1] However, it is uncontroverted that the officers did not inform Perkins that his consent was necessary for a search of the car or that they would not make a search if he declined permission. Perkins testified that he did not think there was much he could do about the search. Under these circumstances the District Court found that Perkins' acquiescence in the search of his car did not amount to a voluntary and intelligent waiver of the right to be free from unreasonable searches and seizures guaranteed by the fourth amendment to the Constitution.

Consent may constitute a waiver of fourth amendment rights, Zap v. United States, 1946, 328 U.S. 624, 66 S. Ct. 1277, 90 L.Ed. 1477), but, to be valid, a waiver must be an intelligent relinquishment of a known right or privilege, Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. A waiver cannot be valid unless the person knows that his permission may be freely and effectively withheld. See Pekar v. United States, 5 Cir.1963, 315 F.2d 319.

The question whether there has been a consent to a search and seizure is one of fact. Landsdown v. United States, 5 Cir.1965, 348 F.2d 405. The "clearly erroneous" rule is applicable to findings of fact in habeas corpus proceedings, Fed.R.Civ.P., rules 52(a) and 81(a) (2); Tyler v. Beto, 5 Cir.1968, 391 F.2d 993, cert. denied 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574; and we cannot say that the finding of the District Court that there was not an intelligent and voluntary consent to the search of the automobile is clearly erroneous. A simple admonition by the officers that the search could not and would not be conducted without Perkins' consent would have sufficed.

The judgment is

Affirmed.

---

1. At the evidentiary hearing in the District Court there was a conflict in the testimony on this point. The officers testified that permission was requested and given; petitioner testified that permission was not asked and was never given. In the view of the case taken by the District Court and by us, it does not matter if permission was in fact sought and given.