438

**PER CURIAM:**

Fred Cockerham, convicted in a Florida court of the offense of breaking and entering with intent to commit grand larcency, was sentenced to imprisonment for eighteen months. In his petition for Federal habeas corpus relief, he argued that the prosecution failed to prove he freely and voluntarily consented to a search leading to the discovery of incriminating evidence in his automobile trunk and that the evidence therefore should have been excluded.[1] The District Court rejected this contention, and we affirm.

Nothing in the record suggests that petitioner's consent was coerced or involuntary. On the contrary, the testimony establishes that no threats, promises or other inducements of any kind were made by the officers. When they asked for permission to search the car, the petitioner stated that he did not mind and that they could look all they wanted. He even helped out by unlocking and opening the trunk for them.

Under these circumstances we think the facts warrant the finding that the petitioner, with a sufficient awareness of his rights, freely and voluntarily consented to the search, thereby waiving his right to contest its legality. Bretti v. Wainwright, 5 Cir., 1971, 439 F.2d 1042; Perkins v. Henderson, 5 Cir., 1969, 418 F.2d 441.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

1. The State urged alternatively that there was probable cause for the search. We need not reach this issue.