**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jesse LANE et al., Defendants-Appellants.**
**No. 71-3140**
**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.
June 2, 1972.

---

\* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**344**

J. V. Eskenazi, Federal Public Defender, Richard M. Dunn, Ass't. Federal Public Defender, W. H. Stiles, Miami, Fla., for Lane.

George D. Gold, Pozen, Pestcoe, Gold & Gold, Miami, Fla., for Heyman.

Lawrence S. Katz, Miami Beach, Fla., for Joly & Lieberman.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Miami, Fla., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

In a non-jury trial, Alex Heyman, Regina Joly, Marek Joly, and Gary Lieberman were adjudged guilty of knowingly and intentionally possessing and distributing a controlled substance

(narcotic) in violation of sections 401(a) and 404(a) of Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. §§ 841(a) and 844(a).[1] The sole basis of their appeal is an attack upon the constitutionality of the statute under which they stand convicted on the ground that the Act is invalid because it includes no provision for an independent inquiry in each case regarding the effect on interstate commerce of the particular activity involved. The constitutionality of the Act in this regard has recently been sustained by this Court. United States v. Amado Lopez and Thomas Llerena, 5 Cir. 1972, 459 F.2d 949. Accordingly, the judgments of the district court as to appellants Heyman, Regina Joly, Marek Joly, and Lieberman are affirmed.

Jesse Lane was adjudged guilty at a non-jury trial of violations of 21 U.S.C.A. §§ 173 and 174, for knowingly receiving, concealing, and transporting cocaine, knowing it to have been imported contrary to law, and guilty of 26 U.S.C.A. §§ 4704(a), 4705(a), and 7237, for selling and distributing cocaine not in or from its original package and without a written order as required. He contends that the evidence was insufficient to support the judgment; that the conviction is invalid because there is no showing that the court in a non-jury trial did not apply the statutory presumption of importation under section 174 of Title 21, held to be unconstitutional with respect to cocaine in Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, and that the court should have but did not require the Government to bear the burden of proof of showing that the sale of cocaine to an undercover F.B.I. agent was not made pursuant to the required written order. We have carefully examined each of these contentions and find them to be without merit. Lane's conviction is accordingly affirmed.

Affirmed.

1. Heyman and Marek Joly pled nolo contendere to a violation of § 841(a), Regina Joly pled nolo contendere to a violation of § 844(a), and Lieberman pled guilty to a violation of § 841(a).