UNITED STATES of America,
Plaintiff-Appellee,

v.

Albert McNEAL, Defendant-Appellant.

No. 71–3542
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 22, 1972.

Boyt L. Elam, Tampa, Fla., Court-appointed, for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Ronald H. Watson, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Albert McNeal appeals his conviction and two-year sentence imposed following a jury verdict finding him guilty of a violation of 18 U.S.C. § 1708 (possession of stolen mail). We affirm.

A welfare check was mailed by the Warrant Section of the Division of Family Services, State of Florida, to Allene Hamilton, who never received it. She did not authorize anyone to pick it up for her or to endorse it. A tenant in Mrs. Hamilton's building observed one Willie Billue take the check in question from the mailbox and leave the apart-

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

ment building in the company of McNeal and another unidentified individual. McNeal was standing close to Billue. An identification specialist with the United States Secret Service testified that McNeal's right palm print was found on the back of the check and a document analyst with the office of the Examiner of Questioned Documents, Department of Treasury, testified that in his opinion it was "highly probable," which to him meant "virtually certain," that the Allene Hamilton endorsement which appeared on the back of the check was written by McNeal. Finally, a United States Secret Service agent testified that on November 30, 1970, McNeal told him that the check had been stolen from the mail by Billue and that he had taken the check from Billue and endorsed Allene Hamilton's signature on it. McNeal told the agent that he had gotten a girl to cash the check and split the proceeds with her.

■ McNeal contends that he was denied due process of law under the Fifth and Sixth Amendments when the Court refused to grant his motion for a subpoena to obtain handwriting samples from Billue who he alleged had been charged with the same crime as McNeal and who was incarcerated in a state penal institution. McNeal argued to the District Court that the handwriting samples constituted evidence valuable to his defense and "that there is a possibility that the aforesaid WILLIE BILLUE was the person who endorsed the warrant which is the basis for the present case." An Assistant United States Attorney informed the Court that Billue had never been charged with the same

offense, but had been charged in a separate and distinct offense, for which he was acquitted.[1] Billue was not a defendant in this case. The Trial Court stated that it did not have the authority to compel Billue to furnish handwriting exemplars, especially in view of the fact that Billue was not charged with the crime in question. The District Court did not abuse its discretion in refusing to compel Billue to give a handwriting sample. See Fed.R.Crim.P. 17; United States v. Hathcock, 5 Cir., 1971, 441 F. 2d 197. See also Bradford v. United States, 5 Cir., 1969, 413 F.2d 467.[2]

■ Secondly, McNeal argues that he was denied due process of law under the Fourteenth Amendment and the right of counsel in violation of the Sixth Amendment when handwriting and fingerprint samples were taken from him while he was incarcerated in a state penal institution. The District Court granted the Government's motion to compel the samples and ordered the defendant to furnish them as requested by the Government. McNeal's contention is without merit. See Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178 (1967). United States v. Harris, 8 Cir., 1972, 453 F.2d 1317, relied on by McNeal, stands only for the proposition that exemplars obtained from a defendant while illegally detained and without his consent are inadmissible. Here, McNeal was lawfully detained in state custody with federal charges against him and he was under Court order to give the handwriting exemplars.

■ Finally, McNeal claims his Fifth and Sixth Amendment rights were vio-

---

1. In Case No. 70–139 CR. T. on the docket of the United States District Court for the Middle District of Florida, Tampa Division, Billue was indicted for unlawful possession of stolen mail and for uttering and publishing with intent to defraud the United States, a United States Treasury Check payable to one Virginia L. Stevens.

2. On appeal, the Government also points out that McNeal's motion alleged merely

a possibility that Billue had endorsed the check involved. Thus, the Government argues that without a showing of probable cause to believe that Billue signed the check, under no circumstances could his handwriting sample be compelled, citing Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969) and In re Dionisio, 7 Cir., 1971, 442 F.2d 276.

**1182**

lated when he was taken to the trial of Billue and used as a Government witness without notice to McNeal's counsel and without *Miranda* warnings before testimony. See Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The point is without merit because McNeal's prior testimony in the Billue case was not introduced or referred to during the trial of his case. See United States v. Harrison, 5 Cir., 1972, 461 F.2d 1127, at 1131–1132.

Affirmed.