**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Gordon MATHER, Defendant-Appellant.**

**No. 72-1280.**

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1972.

Rehearing and Rehearing En Banc Denied Sept. 13, 1972.

Certiorari Denied Dec. 18, 1972.
See 93 S.Ct. 685.

Daniel S. Pearson, Robert C. Josefsberg, Bruce Rogow, Miami, Fla., for defendant-appellant; Pearson & Josefsberg, P. A., Bruce S. Rogow, Miami, Fla., of counsel.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Miami, Fla., for plaintiff-appellee.

Before BELL, GOLDBERG and RONEY, Circuit Judges.

BELL, Circuit Judge:

This appeal is from a judgment of conviction entered by the district court without a jury, finding Mather guilty on an indictment which charged him with possessing 197.75 grams of cocaine with intent to distribute the same in violation of 21 U.S.C.A. § 841(a)(1).

Prior to trial, the district court conducted a hearing on appellant's motion to suppress the cocaine which was taken from him by federal marshals at Miami International Airport. The court denied the motion. Thereupon appellant waived jury trial and stipulated to the evidence received on the motion to suppress. The only problem in the case comes from the truncated fashion in which the matter was thereafter handled.

On this appeal, appellant contends that the district court erred in failing to grant the motion to suppress and thus in admitting the cocaine into evidence; that the evidence was insufficient to prove intent to distribute; and that 21 U.S.C.A. § 841(a)(1) is unconstitutional in that it does not require allegation or proof of movement in interstate or foreign commerce. We affirm.

I.

The seizure of the cocaine occurred after appellant had sought to board an Eastern Airlines flight to Atlanta, Georgia en route from South America. Acting with regard to an anti-hijacking profile, the ticket agent asked appellant to produce identification. Appellant replied that he had none. The agent then asked appellant to be seated, took his ticket, and summoned a supervisor. When the supervisor arrived, he was informed by the ticket agent that appellant was a selectee, i.e., a hijacking suspect. The supervisor then approached appellant and asked to see his identification. Appellant replied that his identification was in his luggage. It was at this time that the supervisor asked appellant "if he would voluntarily submit to a search by a United States Marshal." Appellant replied that he would.

Shortly thereafter a deputy United States Marshal arrived at the boarding gate and was informed that appellant was a selectee and had voluntarily agreed to be searched. During the search that followed a marshal found the cocaine in an envelope in the inside pocket of appellant's jacket. It was identified by appellant at the time as cocaine.

■ There is nothing in the record to suggest that appellant's consent was coerced. There is no record of promises, threats, discourtesies, or inducements. He was told that the search would be conducted by federal officers. It follows that there was no error in the district court's refusal to suppress. Cf. Cockerham v. Wainwright, 5 Cir., 1971, 444 F.2d 438. The question of consent is for the district court as the fact finder. United States v. Fike, 5 Cir., 1971, 449 F.2d 191; Perkins v. Henderson, 5 Cir., 1969, 418 F.2d 441; Landsdown v. United States, 5 Cir., 1965, 348 F.2d 405. The record supports the finding here.

■ Appellant's attack on the validity of 21 U.S.C.A. § 841(a)(1) is without merit. The question has recently been decided adversely to him. United States v. Lopez and Llerena, 5 Cir., 1972, 459 F.2d 949.

## II.

The last question presents the problem. Was the evidence sufficient on intent to distribute? The district court inferred intent to distribute the cocaine from the amount involved, 197.75 grams.

Following the hearing on the motion to suppress the cocaine, the request of appellant and his counsel for a non-jury trial was granted. It was stipulated that the evidence adduced on the hearing to suppress would be admitted as the evidence on the trial. The court suggested that the report of chemist on the cocaine be introduced but counsel then stipulated as to the amount, 197.75 grams, and stated that the report would not be necessary.

The question of the validity of the inference turns on whether the amount of cocaine was such as will support an inference of intent to distribute as distinguished from mere possession for personal use. There is no proof that appellant did or did not use cocaine. There is no evidence as to what constitutes a normal dose or the general frequency of doses. We can assume from the stipulation that the cocaine was not mixed with other substances and was thus in the true amount of 197.75 grams.

We can obtain some guidance on the question from Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610. That case involved the illegal importation of heroin and cocaine in violation of 21 U.S.C.A. § 174. This is not an importation case nor a heroin case. The analogous part of *Turner* is that having to do with the count charging the distribution of cocaine not in or from the original stamped package in violation of 26 U.S.C.A. § 4704(a). There the conviction was reversed as to that count on two grounds: (1) an insufficient foundation (mere possession), for

the statutory inference which made a prima facie case of distribution; (2) an insufficient basis for the statutory inference of a purchase other than in or from the original stamped package. Only the first ground is applicable here.

The court concluded in *Turner* that the small amount of cocaine involved was insufficient to sustain the statutory inference of possession with intent to distribute rather than possession for personal use. 396 U.S. at 422–423, 90 S.Ct. 642. The amount involved was a package weighing 14.68 grams containing a mixture of cocaine and sugar, 5% of which was cocaine. Thus only .73 of one gram of cocaine was in issue.

The court also concluded in *Turner*, 396 U.S. at 420, 90 S.Ct. at 654, and fn. 30, that the amount of heroin in issue warranted the statutory inference with respect to the distribution of heroin under § 4704(a). The facts were that the heroin was in a package weighing 48.25 grams containing a mixture of which 15.2% was heroin. The mixture was contained within the package in 275 glassine bags.

Here appellant was in possession of 197.75 grams of cocaine en route from South America to Atlanta. We judicially know that it had a high value, worth in the neighborhood of $2,500 delivered. See United States v. Smart, 2 Cir., 1971, 448 F.2d 931, where 1,000 grams was worth from $12,000 to $13,000 delivered in New York from Bolivia.

The amount involved is far more than the Second Circuit found to be the minimum amount to preclude submitting the statutory inference to the jury in § 174 cases (illegal importation). United States v. Gonzalez, 2 Cir., 1971, 442 F.2d 698 (En Banc). There the following supervisory rule was announced:

"By our conclusion that the presumption of illegal importation under § 174 is valid where the possession of large quantities of cocaine is involved, we do not intend to limit our holding to quantities exceeding one kilogram. Obviously the reasoning behind our

conclusion is exactly as applicable to large quantities of cocaine, although less than a kilogram, as the *Turner* reasoning is to small quantities of cocaine, although more than a gram. In cases already tried and not yet decided on appeal, we must, in line with the rationale of this opinion, decide each case on an individual basis. In doing so we must consider both the quantity of cocaine involved and the possibility of harmless error. With reference to cases yet to be tried, the district courts would be well advised to refrain from charging the statutory presumption as such except when the quantity is decidedly on the high side and to refrain from any charge of the presumption when the quantity is of the order of 10 grams or less. In cases between these extremes, the judge should frame instructions relating the facts as to importation of cocaine and as to thefts from legitimate sources, thereby permitting the jury to decide whether the quantity of cocaine is sufficient to justify a finding of illegal importation beyond a reasonable doubt." 442 F.2d at 709.

It is recognized, of course, that *Gonzalez* was concerned with the fact that proof of illegal importation does not always follow possession because of thefts of cocaine in this country. See also United States v. Armenteros, 5 Cir., 1971, 452 F.2d 1177, on the same question. Nevertheless, it constitutes some persuasion on the subject of amounts which are likely to be considered as small or personal to the possessor rather than possession for commercial purposes.

Finally, in this connection, we find another Second Circuit case to be of ad-ditional persuasion on the issue presented. In United States v. Contreras, 2 Cir., 1971, 446 F.2d 940, the amount of cocaine involved was 690 grams, 17.7% pure or a total of 121.13 grams. This was taken as a sufficient amount to uphold the statutory inference of distribution under § 4704(a) although there was some other evidence to support distribution.

The rule to be applied with respect to inferences is the rule which was applied in *Turner*: The inference is invalid "unless it can at least be said with substantial assurance that the presumed fact [here intent to distribute] is more likely than not to flow from the proved fact on which it is made to depend." 396 U.S. at 404–405, 90 S.Ct. at 646.[1]

■   We are satisfied that the proved fact here of 197.75 grams of cocaine in the possession of a traveler en route from South America to Atlanta, without more, was sufficient to make out a prima facie case of intent to distribute the cocaine. There the matter ends.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

1. Citing Leary v. United States, 1969, 395 U.S. 6 at 36, 89 S.Ct. 1532, 23 L.Ed.2d 57.