**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jorge PALACIO et al., Defendants-
Appellants.**

**No. 72-3393**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

April 27, 1973.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

George B. Weires, Miami, Fla., court-appointed, for Palacio.

Martin Light, Brooklyn, N. Y., for Perez.

Melvyn Kessler, Miami, Fla., for Cardenas.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM:

The appellants here were involved in the alleged importation by boat into the United States through Miami, Florida, of approximately 3,625 pounds of marijuana. Their appeal is joint although each has separate counsel.

 Appellant Perez was convicted under 21 U.S.C.A., § 963 of conspiring to violate Title 21 U.S.C.A., § 952(a); and also on the substantive charge of illegal importation of marijuana in violation of Title 21 U.S.C.A., § 952(a). The evidence was sufficient as to each of the counts. There is no merit in the claim that the jury system in the United States District Court for the Southern District of Florida is unconstitutional. United States v. Pentado, 5 Cir., 1972, 463 F.2d 355; United States v. Blair, 5 Cir., 1972, 470 F.2d 331; United States v.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New

Gooding, 5 Cir., 1973, 473 F.2d 425. Nor is there merit in the additional claim that the trial court abused its discretion in allowing the jury to separate after having begun its deliberation. Tyler v. United States, 5 Cir., 1968, 397 F.2d 565.

Appellant Palacio was convicted on the conspiracy count in connection with the same marijuana transaction. His assignments of error are precisely those of Perez and are likewise without merit.

Cardenas appeals from his plea of guilty to possessing marijuna in violation of 21 U.S.C.A. § 841(a)(1), on the single ground that the statute is unconstitutional. This ground is without merit. United States v. Lopez and Llerena, 5 Cir., 1972, 459 F.2d 949; United States v. Mather, 5 Cir., 1972, 465 F.2d 1035.

The convictions are Affirmed.