**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kirkland Russ PERRY, a/k/a William Roger Paul, Defendant-Appellant.**

**No. 72–2199.**

United States Court of Appeals,
Fifth Circuit.

June 4, 1973.

**148**

Daniel S. Pearson (court appointed), Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Carol M. Anderson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

The most important issue raised by defendant on appeal is his assertion that the district court erred in failing to allow him to present evidence that Latin Americans, young persons (18 to 21 and 21 to 24), and new residents (those who had not resided in the Southern District of Florida for a year as required by the Jury Selection Plan) were excluded from jury service, thus depriving defendant of due process of law.

These issues have now been passed on by us adversely to defendant's contentions, the most recent decision being United States of America v. Palacio, 5 Cir., 1973, 477 F.2d 560. In that case

we held there was no merit to the claim that the jury system in the Southern District of Florida (the same District involved here) is unconstitutional. *Palacio* cites three other cases of this Circuit which support the constitutionality of the jury system for the Southern District of Florida, namely, United States v. Pentado, 5 Cir., 1972, 463 F.2d 355; United States v. Blair, 5 Cir., 1972, 470 F.2d 331; United States v. Gooding, 5 Cir., 1973, 473 F.2d 425.

█ In *Gooding* we held that the Jury Plan of the Southern District of Florida was constitutional and that the district court was not obliged to hold an evidentiary hearing on the issues raised since "it could take judicial notice of the passage of time and the mathematically calculable effect of a given time lag in temporarily excluding certain qualified jurors from the opportunity for jury service." 473 F.2d at 430.[1] Nor do we think there is any merit to the assertion that the one-year residence requirement in the Plan and provided for in 28 U.S.C. § 1865, renders the Plan unconstitutional. We do not think it can fairly be asserted that new residents are a distinguishable or cognizable class. It is not necessary that the trial court receive evidence on this issue since only a question of law is involved which we resolve adversely to defendant's contentions.[2]

█ We have considered the additional contentions of defendant and find them to be without merit. Thus there is no merit in defendant's contention that the jury could not infer intent to distribute hashish from the fact of possession of 188 pounds thereof, *see* United States v. Mather, 5 Cir., 1972, 465 F.2d 1035. The district court did not err in denying defendant's motion to suppress fingerprints and palm prints, *see* United

1. The Jury Selection and Service Act, 28 U.S.C. § 1861 et seq., has now been amended to include the 18 to 21 age group.

2. We held this case under submission for several months considering whether we should await the determination of several cases pending in the Southern District of Florida which attacked the constitutional-

ity of the Jury Selection Plan of that District on the same basis asserted here. However, the decisions set forth herein and especially the supervening decisions of United States v. Gooding, *supra*, and United States v. Palacio, et al., *supra*, make it unnecessary that we remand it for an evidentiary hearing.

States v. McNeal, 5 Cir., 1972, 463 F.2d 1180. The contention that there was no republication of Schedule I relative to controlled substances, as required by 21 U.S.C. § 812, is refuted by reference to Federal Register, Vol. 37, No. 93, May 12, 1972, pp. 9545–9557, showing republication of the schedules of controlled substances. The statute under which defendant was convicted, 21 U.S.C. § 841(a)(1), is not unconstitutional, as contended by defendant, *see* United States v. Nelson, 5 Cir., 1972, 458 F.2d 556; United States v. Lopez, 5 Cir., 1972, 459 F.2d 949; United States v. Lopez, 5 Cir., 1972, 461 F.2d 499; United States v. Lane, 5 Cir., 1972, 461 F.2d 343; United States v. Mather, *supra;* United States v. Leisner, 5 Cir., 1972, 469 F.2d 336.

Affirmed.