**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jay E. MILLER, Defendant-**
**Appellant.**

**No. 73-1425**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 27, 1973.

Rehearing Denied July 27, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

J. W. Blair, Richardson, Tex. (Court appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered by the District Court without a jury, finding Miller guilty on an indictment which charged him with possessing 351.5 grams of heroin with intent to distribute the same, in violation of 21 U.S.C. § 841(a)(1).

Prior to the trial, the District Court conducted a hearing on the appellant's motion to suppress the heroin which was taken from him by Security Officer Sinks at Dallas Love Field Airport. On this appeal, appellant Miller contends that the District Court erred in failing to grant the motion to suppress and, thus, in admitting the heroin into evidence; that the heroin was improperly admitted in evidence since the airport search was only for weapons; and that the *in camera* testimony of the airline employee out of the presence of the defendant-appellant violated his constitutional right to confront witnesses.

The search and seizure attacked by appellant on this appeal occurred at Love Field Airport, Dallas, Texas, during a pre-flight security check. Ticket Agent Mead of American Airlines testified that on October 11, 1972, at Love Field he determined that Miller met the criteria provided by the Federal Aviation Agency "Profile" as a potential skyjacker, and that he so notified United States Customs Security Agent Sinks. Sinks testified he informed appellant Miller that a security check was needed and that he (Miller) had a right to refuse such a search and to take his bags and leave the airport. Sinks testified that Miller nevertheless consented to the search. During the search of de-

fendant's small carry-on bag, Sinks found the heroin substances in cellophane paper.

■■ At the hearing before the District Court, Miller denied consenting to the search by Sinks, but the District Court found from the testimony of Agent Sinks that appellant did consent to the search. The question of consent was for the District Court as the fact finder, and it follows that there was no error in the District Court's refusal to suppress. United States v. Mather, 5 Cir. 1972, 465 F.2d 1035. Voluntariness is to be determined from all the surrounding circumstances and the record in the case at hand demonstrates ample basis for the District Court's determination. See Schneckloth, Superintendent v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854, 1973.

■ Appellant's assertion that an airport security search must be limited to search for weapons is without merit. This court in United States v. Moreno, 5 Cir. 1973, 475 F.2d 44, affirmed the constitutional propriety of an airport search and seizure, the fruits of which resulted in Moreno's arrest and conviction under 21 U.S.C. § 841(a)(1), for unlawful possession of heroin with intent to distribute.

■ The final contention of Miller that allowing the airline employee Mead to testify out of appellant's presence that he fit the FAA "Profile" was a denial of his constitutional right to confront witnesses is without merit. In considering this issue, it should be noted that while Miller was excluded from the *in camera* proceeding, appellant's counsel was present and cross-examined witness Mead. Consideration of the law applicable to the record before this court clearly establishes that there was no error with respect to this *in camera* proceeding. See United States v. Slocum, 3 Cir. 1972, 464 F.2d 1180, and United States v. Bell, 2 Cir. 1972, 464 F.2d 667.

The judgment of the District Court is Affirmed.