UNITED STATES of America,
Plaintiff-Appellee,

v.

Melchor DE LOS SANTOS,
Defendant-Appellant.

Nos. 86–2085, 86–2296.

United States Court of Appeals,
Fifth Circuit.

May 28, 1987.

Michael E. Tigar, Atty., University of Texas School of Law, Austin, Tex., for defendant-appellant.

Wayne F. Speck, Michael R. Hardy, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

**ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC**

(Opinion Feb. 13, 1987, 5th Cir.1987, 810 F.2d 1326)

Before THORNBERRY, DAVIS, and HILL, Circuit Judges.

PER CURIAM:

In his petition for rehearing, De Los Santos argues that this court erred in its treatment of the confrontation clause issue.

We disagree. Nonetheless, additional explanation of the court's conclusion is appropriate.

De Los Santos argues that his exclusion from a portion of the pre-trial suppression hearing violated his sixth amendment right to confront the witnesses against him. The district court closed a portion of the hearing to protect the identity of the government's confidential informant pursuant to *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The informant did not testify at the closed hearing but the testimony of the arresting Drug Enforcement Agency agent (used to support the government's allegation of probable cause) necessarily revealed the informant's identity.

As De Los Santos correctly points out, he does not directly challenge the *Roviaro* finding of the district court. He is not requesting the name of the informant. Instead, he argues that his forced absence from a portion of the hearing violated his confrontation rights. That, however, is the rub. Were De Los Santos present during all of DEA Agent Castro's testimony, he would learn the identity of the informant. Thus, the government could not protect its interest in safeguarding the informant without requesting that De Los Santos be excluded from a portion of the hearing.

De Los Santos' challenge to this court's disposition relies heavily on the Second Circuit case of *United States v. Coplon*, 185 F.2d 629 (2d Cir.1950). The issue in *Coplon* was whether the government's illegal wiretaps of the defendant had led to any evidence the government intended to use against the defendant at trial. The government bore the burden of proving that the evidence against the defendant was not a "fruit" of the illegal wiretaps. The trial judge examined *in camera* certain documents provided by the government to prove that the wiretaps had not led to any evidence to be used against the defendant. Because the government asserted a national security privilege with respect to the documents, the district court denied the defendant any access to them. After an

examination of the records, the district court agreed with the government that the wiretaps had not led to any evidence against the defendant.

The Second Circuit overturned the conviction. The court noted that once the government asked the trial judge to rely on the privileged documents to make a critical finding, the privilege disappears. The prosecution was required to abandon either the privilege or the evidence—it could not benefit from both. The court analogized the national security privilege to the informer's privilege and found that "the immunity from disclosure of the names or statements of informers is an instance of the same doctrine." *Coplon,* 185 F.2d at 638.

*Coplon*'s precedential value is uncertain, however, in light of the Supreme Court's subsequent holdings in *Roviaro,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and *McCray v. State of Ill.,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). By upholding the use of the informer's privilege, *Roviaro* allows the prosecution, in certain circumstances, to withhold the name of a government informant without tainting the evidence he provides.[1] *Roviaro,* 353 U.S. at 59–62, 77 S.Ct. at 627–28. *McCray* reaffirms *Roviaro* by clarifying that the informer's privilege can survive a confrontation clause challenge similar to the one raised in the instant case. *McCray,* 386 U.S. at 313–14, 87 S.Ct. at 1063–64. Considering that *Coplon* expressly relies on an analogy to the informer's privilege, *Roviaro* and *McCray* discredit *Coplon*'s reasoning. *Roviaro* specifically distinguished *Coplon* as a case where the privilege had to be relinquished because the privileged information was helpful to the defense of the accused. *Roviaro,* 353 U.S. at 61 n. 10, 77 S.Ct. at 628 n. 10. In the instant case, we have already held that the privileged information would not be helpful to

De Los Santos' defense. *See United States v. De Los Santos,* 810 F.2d 1326, 1331–33 (5th Cir.1987). *Coplon* is therefore distinguishable and does not apply to the instant case.

We prefer instead to rely on the better-reasoned opinion of *United States v. Anderson,* 509 F.2d 724 (9th Cir.1975), which relies on the reasoning of both *Roviaro* and *McCray.* In *Anderson,* the government charged the defendant with possession of heroin with intent to distribute. In the suppression hearing, the defendant challenged the government's claim that probable cause supported the arrest and search. The government relied upon information supplied by a confidential informant. The district court conducted an *in camera* hearing to determine the basis for the informant's knowledge. As in the instant case, "the government contended that *if the basis of the informant's information were made known in open court, the identity of the informant would necessarily be revealed. Id.* at 728 (emphasis added). The *Anderson* court summarized its reasons for rejecting the defendant's confrontation clause challenge to the closed proceeding.

> In the present case, there is no reason to believe that the informer could have provided testimony relevant to Anderson's defense on the merits. Rather, his testimony related solely to the pre-arrest issue of probable cause. Since disclosure of the underlying circumstances of the informant's information would necessarily have revealed the informant's identity, the court properly considered the government's interest in the anonymity of the informer. The court accommodated the competing interest of the defendant in a fair trial through the use of an *in camera* hearing closed to the defendant and his attorney. We cannot say that the accommodation reached was an abuse of discretion. Nor can we say that

---

**1.** *Roviaro* not only dealt with the privilege to withhold the informant's identity, but also the privilege to withhold the "contents" of his communication.

Where the disclosure of an informer's identity, *or of the contents of his communication,* is

relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

*Roviaro,* 353 U.S. at 60–61, 77 S.Ct. at 628 (emphasis added).

the procedure infringed the defendant's rights under the Fifth and Sixth Amendments.

*Id.* at 730. We first point out that no Fifth Circuit case has addressed this precise issue. Under these circumstances, we find *Anderson* to be more on point and we agree with its holding.

We note, importantly, that the facts in *De Los Santos* are a major factor in our conclusion. Also, we believe that it was a close call whether probable cause existed without the *in camera* proceeding, but hesitated to so conclude because in the district court's opinion it stated that it considered all the evidence.[2] Although De Los Santos is convinced that the probable cause was based solely on the *in camera* evidence, we do not agree. The evidence heard *in camera* did not differ greatly from that expressed on the record. The main disclosure was the identity of the informant and the relationship between the informant and De Los Santos. Also, De Los Santos was present at the hearing at which it appears to us probable cause was established, at least to a large degree. Finally, De Los Santos had no restriction on his ability to cross-examine any witness.

Moreover, De Los Santos' argument does not address the distinction drawn by the Supreme Court between pre-trial and trial proceedings in a confrontation clause analysis. As the Court recently noted in *Pennsylvania v. Ritchie*, —— U.S. ——, 107 S.Ct. 989, 999, 94 L.Ed.2d 40 (1987), "[t]he opinions of this court show that the right of confrontation is a trial right designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination." Although we do not place exclusive reliance on the pre-trial/trial distinction, we continue to believe that the pre-trial nature of the proceeding, when combined with the other particular circumstances of this case

(closure limited to a portion of the suppression hearing, an opportunity for cross-examination in open court, inability to hear all testimony in open court without jeopardizing safety of the informant) avoids any collision with the defendant's confrontation rights.

As a final matter, we note that the *Anderson* court suggested an alternative procedure for accommodating the interests of both the government and the criminal defendant that we believe is appropriate for a situation such as in the present case:

> [W]e hold that the responsibility for striking the proper balance in each case rests with the trial judge. In striking that balance the trial judge, in the exercise of his discretion, can conduct an *in camera* hearing to which the defense counsel, but not the defendant is admitted. The defense counsel could then be permitted to párticipate in the *in camera* proceedings and to cross-examine the *in camera* witness or witnesses.... [T]he district court can and should, when appropriate, place defense counsel under enforceable orders against unwarranted disclosure of the evidence that he has heard.

*Id.* at 730. The admission of defense counsel to the hearing as a method of protecting a defendant's confrontation rights has support in the cases. *United States v. Miller*, 480 F.2d 1008 (5th Cir.1973) (airline employee testifies in absence of defendant that defendant fit hijacker profile; defense attorney present to cross-examine witnesses); *United States v. Bell*, 464 F.2d 667 (2d Cir.1972) (defendant excluded from portion of suppressing hearing delineating parts of FAA hijacker profile; defense attorney present). *See generally*, Annotation, *Right of Accused to be Present at Suppression Hearing or at Other Hearing or Conference Between Court and Attorneys Con-*

---

**2.** As an additional matter, De Los Santos points to the paragraph at 2626, beginning with "Moreover, Castro testified ..." as an indication that we also based our conclusion that probable cause existed on the *in camera* hearing. While such an interpretation is plausible, we want to emphasize that we are not basing our belief as to the existence of probable cause on the *in camera* hearing alone, and that the paragraph quoted from *McCray* is also applicable to Castro's on the record testimony, which we believe was the most important factor in the finding of probable cause. As we stated in *De Los Santos:* "This information also is *supportive* of probable cause." *Id.* at 1336 (emphasis added).

*cerning Evidentiary Questions*, 23 A.L.R. 4th 955 (1983).

The district court did not err in not employing such a procedure in the instant case. Nonetheless, we note that such an accommodation may be an appropriate vehicle for protecting the confrontation rights of the criminal defendant in future cases. Any exclusion of a criminal defendant from a portion of the criminal proceedings against him requires careful judicial scrutiny. District courts must balance the asserted interests of the government with the legitimate interests of the defendant. *See, e.g., Anderson*, 509 F.2d at 729–730. Such a balance may call for the use of the procedure suggested in *Anderson.*

For the reasons articulated above, appellant's petition for rehearing is

DENIED.

No member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.