UNITED STATES of America, Plaintiff,

v.

**Hector DE LA ROSA–CONTRERAS, Defendant.**

**No. CR 93–556 TUC JMR.**

United States District Court,
D. Arizona.

July 20, 1994.

---

12. Each lawyer should take care to review the Local Rules on how to address the attorney-fees question. *See* NELR 83.14.

Joseph Koehler, Asst. U.S. Atty., Tucson, AZ, for plaintiff.

Jan E. Kearney, Tucson, AZ, for defendant.

## ORDER

ROLL, District Judge.

### INTRODUCTION

Pending before the Court is defendant Hector De La Rosa–Contreras's motion to suppress statement. For the reasons set forth below, the defendant's motion is denied. However, the Court takes this opportunity to revisit its earlier ruling denying defendant's request for disclosure of the government's confidential informant. The Court will hold an *in camera* hearing prior to a final decision on defendant's motion.

### FACTUAL BACKGROUND

On October 22, 1993, federal law enforcement officers went to an area near the international border, east of Douglas, Arizona, to conduct surveillance. The agents were accompanied by an informant who was employed part-time in some type of law enforcement capacity. This individual had notified federal agents of suspicious activity possibly involving smuggling. When the informant was with the agents, he was not on duty.

One of the agents, with the aid of binoculars, observed a truck in the process of being unloaded. The agent believed the removed items to be contraband. Based on this observation, the agents proceeded in the direction of the truck and eventually used emergency lights to stop the vehicle. The defendant was an occupant of the vehicle. Agents demanded to know defendant's name, and he obliged by identifying himself. The name defendant furnished, however, was false.

Agents found one bundle of marijuana in the trunk and another six bundles in the vicinity where the truck had first been observed. Approximately 264 pounds of marijuana were seized.

### DISCUSSION

At the evidentiary hearing, the Court denied the defendant's motion to suppress evidence, finding that a founded suspicion existed for the investigatory stop. The Court took under advisement defendant's motion to suppress proof of the false name given by the defendant. The Court denied defendant's motion to disclose the identity of the confidential informant.

#### Motion to Suppress Statement

██  The defendant suggests that the agent's act of asking the defendant his name constituted interrogation and the defendant's response was involuntary. Initially, the Court concludes from the evidence that the

defendant's response was not involuntary. Furthermore, the agent's question was not interrogation. Not every question in a custodial setting constitutes interrogation. *United States v. Booth,* 669 F.2d 1231, 1237 (9th Cir.1981). Interrogation is defined as words or actions which officers "should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980).

■ Routine gathering of biographical information is not interrogation sufficient to trigger constitutional protection. *United States v. Perez,* 776 F.2d 797, 799 (9th Cir. 1985); *Booth,* 669 F.2d at 1236–7. Permissible questions include asking a defendant his or her name. *Perez, supra.* Because the defendant's statement as to his name was neither involuntary nor made in the context of interrogation, **IT IS ORDERED** that the motion to suppress the statement is **DENIED.**

### Motion to Disclose Confidential Informant

The defendant also filed a motion seeking the identity of the confidential informant who caused the agents to be at the surveillance point. The government stated that the informant did not furnish specific information concerning this defendant, was not present in connection with any other activity of this defendant, and merely alerted law enforcement officers generally to possible smuggling activities in the Douglas area. No other information was provided to the Court and defendant's motion was denied.

### a. Necessity for Hearing.

■ Having surveyed recent decisional law, the Court has decided to revisit its denial of defendant's request for an *in camera* hearing. In two recent cases, district courts have been directed to conduct *in camera* hearing regarding confidential informants. *United States v. Amador–Galvan,* 9 F.3d 1414, 1416–17 (9th Cir.1993); *United States v. Spires,* 3 F.3d 1234, 1237–39 (9th Cir.1993).

In *Amador–Galvan,* four informants had supplied the government with information, although the nature of each informant's assistance is not set forth in the opinion. The district court was instructed to conduct an *in camera* hearing concerning whether the names of the informants must be disclosed. The Ninth Circuit held that the defendants had established "the potential relevance and helpfulness to their defense of discovering the identity of the confidential informants...." *Amador–Galvan,* 9 F.3d at 1417. The district court was directed to determine at the *in camera* hearing whether the informants would be helpful *in fact* and to utilize the information obtained to apply the balancing test set forth in *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). *Id.*

In *Spires,* an informant provided information that the defendant and others possessed drugs at a particular location. *Spires,* 3 F.3d at 1236. The Ninth Circuit stated that where the defendant has made a " 'minimal threshold showing' that disclosure would be relevant to at least one defense," an *in camera* hearing is required. *Id.* at 1238 (citations omitted).

At an *in camera* hearing, the district court "must ... apply a balancing test, weighing the public interest in encouraging citizens to inform the government about criminal activity, against an accused's right to prepare [a] defense." *Amador–Galvan,* 9 F.3d at 1417. *See also Roviaro,* 353 U.S. at 62, 77 S.Ct. at 628.

Because the defendant asserts that the informant stood next to the agent who observed the initial criminal activity allegedly engaged in by the defendant, defendant argues that the informant has knowledge which is relevant to the legality of the initial stop and to his defense. Defense counsel states that the informant may testify that the informant did not observe the acts described by the agent positioned next to the informant and that circumstances suggest that the agent did not make the observations attributed to him.

Under these circumstances, it appears as though the minimal threshold requirement for such a hearing has been met. *Spires,* 3 F.3d at 1238. At the hearing, the Court will balance competing interests, with consider-

ation being given to (1) the extent of the informant's involvement in criminal activity; (2) the relationship between the defense and the informant's likely testimony; and (3) the government's interest in non-disclosure. *United States v. Gonzalo Beltran,* 915 F.2d 487, 489 (9th Cir.1990).

### b. Form of Hearing.

■ Having concluded that an *in camera* hearing is required, the Court next considers what form that hearing shall take. Available options include an *in camera* hearing at which (1) all counsel and defendant are present; (2) counsel are present but the defendant is not; (3) government counsel is present but neither the defendant nor defense counsel are in attendance; or (4) participation is limited to the district judge, the court reporter, and the witness.[1]

### 1. Presence of All.

The presence of all counsel and the defendant at an *in camera* hearing at which the identity of the confidential informant is disclosed necessarily results in disclosure to the defendant. For that reason, this option is not feasible.

### 2. Presence of Counsel Only.

The presence of counsel but not the defendant at the *in camera* hearing will result in the defendant learning of the informant's identity unless defense counsel is "under an order not to reveal any information disclosed in chambers." *Spires,* 3 F.3d at 1238. Several cases discussing the option of directing defense counsel to withhold from the defendant information learned during an *in camera* hearing did not involve actual use of this procedure. *See, e.g., Spires,* 3 F.3d at 1238; *United States v. Wasserteil,* 641 F.2d 704, 708–9 (9th Cir.1981); *United States v. Anderson,* 509 F.2d 724, 729 (9th Cir.1974), *cert. denied,* 420 U.S. 910, 95 S.Ct. 831, 42 L.Ed.2d 840 (1975); *United States v. Singh,* 922 F.2d 1169, 1172–73 (5th Cir.1991); *United States v. De Los Santos,* 819 F.2d 94, 97 (5th Cir.1987).

*Spires, Wasserteil,* and *De Los Santos* cite the Ninth Circuit's ruling in *Anderson* as authority for this procedure. *Anderson,* in turn, relies upon the analogous precedent of *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). *Alderman,* however, neither involved nor approved of this practice. That decision pertained to a challenge to government eavesdropping. The Supreme Court ruled that surveillance records should be furnished to a defendant who has standing, *Alderman,* 394 U.S. at 182, 89 S.Ct. at 971, and that disclosure "will be limited to the transcripts of a defendant's own conversation and of those which took place on his premises." *Id.* at 184, 89 S.Ct. at 972. The Supreme Court stated that because "[i]t can be safely assumed that much of this he will already know, . . . disclosure should . . . involve a minimum hazard to others." *Id.* at 184–5, 89 S.Ct. at 972–3. The Supreme Court then discussed a possible procedure which was the basis for the process suggested in *Alderman*:

> In addition, the trial court can and should, where appropriate, place *a defendant and his counsel* under enforceable order against unwarranted disclosure of the materials which they may be entitled to inspect.

394 U.S. at 185, 89 S.Ct. at 973 (emphasis added).

One circuit has concluded that the procedure suggested in *Alderman* can impermissibly interfere with a defendant's right to assistance of counsel. In *United States v. Eniola,* 893 F.2d 383, 387 (D.C.Cir.1990), Judge Mikva stated: "[T]he sixth amendment protects the defendant against intrusions that could inhibit the free exchange of information between attorney and client."

Few instances of similar court-ordered restraints on attorney/client communications exist. Such a procedure could undermine the confidence of a defendant in the independence of counsel, particularly when counsel is court-appointed.

---

**1.** Yet another alternative is the filing of affidavits from individuals conversant with the informant's knowledge and the dangers associated with disclosure. *United States v. Ordonez,* 737 F.2d 793, 808 (9th Cir.1984) (as amended) (submission of affidavits found to be inadequate on the facts presented).

### 3. Presence of Government Counsel Only.

The presence of government counsel at an *in camera* hearing in the absence of the defendant and defense counsel is superfluous unless counsel intends to question the witness, give testimony, or present argument. In the instant case, any of the above would result in the Court receiving only one party's presentation. *See Anderson*, 509 F.2d at 728–30; *but see Spires*, 3 F.3d at 1238 n. 1 ("We express no view as to the circumstances under which defense counsel may be excluded in any particular case, including the present one.").

### 4. Absence of Parties and Counsel.

An *in camera* hearing attended by only the judge, the court reporter, and the witness may be unsatisfactory in a complex case. Such a hearing requires the court to assume the role of examiner although potentially unaware of key evidence or information.[2] *United States v. Ordonez*, 737 F.2d 793, 809–10 (9th Cir.1984) (as amended). Despite its shortcomings, this last alternative appears most appropriate.

Accordingly, **IT IS ORDERED** that the government cause the agent who received the information from the informant, as well as the informant, to appear in chambers for an *in camera* conference with the Court on **Friday, July 15, 1994.** The agent and the informant will be questioned separately by the Court on the record. No counsel will be permitted to attend. Government's counsel should contact judge's staff to obtain the time for the *in camera* hearing.

\* \* \*

The Court having conducted an *in camera* hearing at which the informant and the agent testified and it appearing that the informant does not possess information which would be helpful to the defendant,

**IT IS ORDERED** that disclosure of the confidential informant is **DENIED.**

---

**2.** One possibility is to invite counsel to submit written questions. *Ordonez*, 737 F.2d at 810.