UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

  v.         No. 02-4837

ALBERT DABNEY,
 *Defendant-Appellant.*

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

  v.         No. 02-4839

ANTHONY LEE THOMAS, a/k/a Lee,
 *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-02-2)

Submitted: July 10, 2003

Decided: July 31, 2003

Before WILKINSON, NIEMEYER, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen J. Weisbrod, WEISBROD & PHILLIPS, P.C., Hampton, Virginia; Theophlise L. Twitty, JONES & TWITTY, Hampton, Virginia, for Appellants. Paul J. McNulty, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Albert Dabney and Anthony Lee Thomas appeal their convictions for various drug charges. Following a jury trial, Albert Dabney was convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000), and three counts of possession with intent to distribute approximately three kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). In the same trial, Thomas was convicted of the conspiracy charge and one count of possession with intent to distribute approximately two kilograms of cocaine. The district court sentenced Dabney to a concurrent sentence of 280 months of imprisonment on each count and sentenced Thomas to a concurrent sentence of 211 months of imprisonment on each count. Finding no reversible error, we affirm.

Both Dabney and Thomas contend that the district court erred when it denied their motions for a judgment of acquittal on all counts. In reviewing the denial of a motion for a judgment of acquittal, this court must determine "whether there is substantial evidence . . . which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reason-

2

able doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). To prove a conspiracy under 21 U.S.C. § 846, the Government had to establish that: (1) an agreement to violate the federal drug laws existed between two or more persons; (2) the Defendants knew of the conspiracy; and (3) the Defendants knowingly and voluntarily became a part of the conspiracy. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). The offense of possession with the intent to distribute drugs requires that the Government prove beyond a reasonable doubt that the Defendants: (1) knowingly, (2) possessed the drugs, (3) with the intent to distribute them. *Id.* at 873. An intent to distribute can be inferred if the amount of drugs found exceeds an amount associated with personal consumption. *See United States v. Wright*, 991 F.2d 1182, 1187 (4th Cir. 1993).

To prove that Dabney and Thomas were part of a drug conspiracy, the Government presented testimony from several co-conspirators establishing that there existed a large-scale drug conspiracy, that Dabney transported cocaine and cocaine proceeds for the drug conspiracy, and that Thomas sold both crack and powder cocaine for the drug organization. We find that this evidence was sufficient for a jury to conclude that Dabney and Thomas were part of a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base.

With regard to the possession with intent to distribute charges against Dabney and Thomas, the Government presented testimony establishing that suitcases containing two to three kilograms of powder cocaine were turned over to Dabney on five occasions and that Thomas was supplied with one to two kilograms of powder cocaine approximately two or three times a month from 1997 to 1998. The amount of drugs testified to during the trial exceeds any amount associated with personal consumption and is consistent with an intent to distribute. *See United States v. Mather*, 465 F.2d 1035, 1038 (5th Cir. 1972). Although Thomas argues on appeal that the witnesses who testified against him were not credible and that there were contradictions in their testimony, this court does not review the credibility of witnesses and assumes the jury resolved all contradictions in the testimony for the government. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). We therefore conclude that there was sufficient evidence to support Dabney's and Thomas' convictions for possession with intent to distribute cocaine.

3

In addition, Dabney maintains that the court's extensive cross-examination of him during the trial denied him a fair and impartial trial because it suggested to the jury that the court did not believe his testimony and that he lacked credibility. Because Dabney's interruption of the court's cross-examination during trial was insufficient to preserve the alleged error on appeal, we review Dabney's claim for plain error. *See United States v. Bolick*, 917 F.2d 135, 143-44 (4th Cir. 1990) (Russell, J., dissenting). Under the plain error standard, Dabney must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). We have reviewed the record and conclude that any error committed during the district court's cross-examination of Dabney did not "seriously affect the fairness, integrity or public reputation of judicial proceedings" due to the overwhelming evidence produced at trial to support Dabney's convictions. *Id.*

Accordingly, we affirm Dabney's and Thomas' convictions. We deny as moot Dabney's motion to amend his criminal judgment because the district court has entered an order correcting the clerical error that Dabney raises in his motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4