REVISED

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2021

Lyle W. Cayce
Clerk

No. 20-10470
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PHILLIP REED,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-194-2

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Phillip Reed was convicted by a jury of possession of a firearm by a convicted felon, possession with intent to distribute a controlled substance, and conspiracy to possess with intent to distribute a controlled substance,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10470

and was sentenced within the advisory guidelines range to a total of 188 months of imprisonment and a five-year term of supervised release. He raises multiple issues on appeal.

Reed first contends that the district court violated his rights under the Confrontation Clause by excluding him during a particular witness's testimony at the suppression hearing.[1] "The Sixth Amendment guarantees a defendant the right to be confronted with the witnesses against him." *United States v. Daniels*, 930 F.3d 393, 405 (5th Cir. 2019) (internal quotation marks and footnote omitted). "One of the most basic rights guaranteed by the Confrontation Clause is the right to be present in the courtroom at every stage of the trial to confront one's accusers, but this is not an absolute right." *United States v. De Los Santos*, 810 F.2d 1326, 1333-34 (5th Cir.) (internal citation omitted), *reh'g en banc denied*, 819 F.2d 94 (5th Cir. 1987). "[A]lthough the Sixth Amendment right to confront is a trial right, it also applies to suppression hearings." *Daniels*, 930 F.3d at 405. Our review is de novo, subject to a harmless error analysis. *See id.*

We have previously found no Confrontation Clause violation when the defendant was excluded from the in camera portion of a pretrial suppression hearing concerning the identity of an informant. *See De Los Santos*, 819 F.2d at 95-98. We noted that the evidence heard during the portion of the hearing from which the defendant was excluded "did not differ greatly from that expressed on the record," that the defendant was present for the remainder of the hearing, and that he "had no restriction on his ability to cross-examine any witness." *Id.* at 97.

While Reed, unlike De Los Santos, knew the identity of the witness, a defendant's history of violence and potential for future violence can be

---

[1] This witness will not be referred to by name in this opinion.

relevant to the Confrontation Clause analysis. *See De Los Santos*, 810 F.2d at 1332-33. There were concerns about this witness's safety. There was little, if any, distinction between the testimony of this witness versus the content of their written declaration and what two law enforcement witnesses testified to, all of which Reed observed or had access to. Only Reed, not his attorney, was excluded from the portion of the suppression hearing during which the witness testified, counsel fully cross-examined the witness, and counsel was able to consult with Reed before doing so. Reed had some idea of what the witness would testify to because the Government previously submitted their written declaration. Given this, Reed's Confrontation Clause rights were not violated. *See De Los Santos*, 819 F.2d at 95-98.

Reed next contends that the district court erred by denying his motion to suppress evidence found at his residence and his subsequent statements to law enforcement, as the Government failed to establish that the witness had the apparent authority to consent. "It is well-established that warrantless searches violate the Fourth Amendment unless they fall within a specific exception to the warrant requirement," one of which is consent. *United States v. Iraheta*, 764 F.3d 455, 462 (5th Cir. 2014) (internal quotation marks and citation omitted). Relevant here, to utilize the consent exception, the Government must demonstrate that consent was given "by a party with . . . apparent authority." *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010). To do so, "there must be a finding that the searching officers reasonably (though erroneously) believe[d] that the person who has consented to their search had the authority to so consent." *Iraheta*, 764 F.3d at 463 (internal quotation marks and citation omitted). "When reviewing a denial of a motion to suppress evidence, we review factual findings for clear error and the ultimate constitutionality of law enforcement action *de novo*." *United States v. Aguilar*, 973 F.3d 445, 448 (5th Cir. 2020) (internal quotation

marks and citation omitted), *cert. denied*, 2021 WL 78367 (U.S. Jan. 11, 2021) (No. 20-6265).

The record supports the finding of apparent authority based on law enforcement's reasonable belief that the witness had the authority to consent. They were aware of this witness's presence at the residence prior to the search, their ongoing relationship with Reed, the use of the residence as their address on police documents, and their affirmation that they resided at the address. *See Iraheta*, 764 F.3d at 463. As there is no error in the denial of Reed's motion to suppress the search of his residence, we need not consider his argument that his statements should be excluded as the fruit of the poisonous tree.

Reed's remaining arguments concern evidentiary objections as to portions of the testimony by two law enforcement witnesses, none of which has merit, and a claim that the cumulative effect of the errors warrants reversal. "[T]he cumulative error doctrine necessitates reversal only in rare instances . . . [and i]ts application is especially uncommon where, as here, the government presents substantial evidence of guilt." *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012). Given the strength of the Government's case against Reed, it cannot be said that the cumulation of any trial errors "so fatally infect[ed] the trial that they violate[d] the trial's fundamental fairness." *United States v. Stephens*, 571 F.3d 401, 412 (5th Cir. 2009).

AFFIRMED.